J-S77038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC MANSFIELD | : | |
| | : | No. 594 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001534-2006,
CP-38-CR-0002232-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 01, 2017**

Appellant Eric Mansfield appeals from the Order entered in the Court of Common Pleas of Lebanon County on January 17, 2017, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Because this petition is untimely without an applicable exception, we affirm.

The PCRA court aptly set forth the facts and procedural history herein as follows:

> On May 9, 2007, [Appellant] pleaded guilty to rape and other sexual offenses related to the sexual assault of a minor at Action Number CP-38-CR-1534-2006. Following the conclusion of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\*   Former Justice specially assigned to the Superior Court.

a jury trial on June 8, 2007, [Appellant] was found guilty of the sexual assault of his prison cellmate at Action Number CP-38-CR-2232-2006. On November 14, 2007, this [c]ourt sentenced [Appellant] at both action numbers to an aggregate term of 18-42 years in a state correctional facility.

[Appellant], through counsel, filed a timely Motion to Modify Sentence on November 26, 2007. On December 3, 2007, the [c]ourt denied [Appellant's] Motion to Modify Sentence, noting that the sentences imposed were within the standard range of the Sentencing Guidelines and any sentence less than what was imposed would have failed to meet the objective standards of any valid sentence. No appeal was taken from the [c]ourt's denial of the Motion to Modify. Therefore, [Appellant's] judgment of sentence became final on January 2, 2008, the expiration of time for seeking appellate review. 42 Pa.C.S. § 9545(b)(1).

On July 18, 2016 [Appellant] filed a pro se Petition for Post-Conviction Collateral Relief alleging the illegality of his sentence. On July 21, 2016, this [c]ourt issued an Order appointing the Lebanon County Public Defender's Office to represent [Appellant] on his PCRA Petition. On September 16, 2016, [Appellant] filed a counseled Amended Petition withdrawing the claims of the pro se Petition. [Appellant's] Amended Petition sought relief based upon the ineffective assistance of Trial/Plea counsel on three grounds: 1) Plea Counsel had failed to file a Motion for Modification of Sentence despite instruction to do so; 2) Trial/Plea Counsel failed to file a timely direct appeal to the Superior Court; and 3) Trial/Plea counsel failed to advise [Appellant] as to how to file a PCRA Petition. The Commonwealth filed a Response to the Amended Petition on October 17, 2016.

On October 31, 2016, this [c]ourt issued an Order indicating an intention to dismiss [Appellant's] Petition without a hearing under the guidelines of Pa.R.Crim.P. 907(1). Our Order noted that both [Appellant's] pro se and counseled Petitions were facially untimely and included no attempt by [Appellant] to plead a statutory exception to the timeliness requirements of the PCRA. Therefore, we found that we were without jurisdiction to consider [Appellant's] Petition. Our Order afforded [Appellant] twenty (20) days to file a response to the proposed dismissal pleading the factual and legal bases upon which he believed he was entitled to relief.

On November 18, 2016, [Appellant] filed a counseled Response to our proposed 907(1) dismissal. [Appellant's] Response reiterated the claims of his September 16, 2016 Petition and asserted one additional claim for relief: a claim that his guilty

- 2 -

plea at Action Number CP-38-CR-1534-2006 was not knowingly, intelligently, or voluntarily made.

Trial Court Opinion, filed 1/18/17, at 1-3.

The trial court did not order, and Appellant did not file, a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. In its Order entered on February 27, 2017, the trial court rested upon the reasoning it had set forth in its Opinions and Orders of October 31, 2016, and January 17, 2017, for purposes of the requirements of Rule 1925(a).

Appellant presents the following question for our review:

1.      Did the [l]ower [c]ourt err by dismissing Appellant's Post Conviction Relief Act Petition as untimely without holding an evidentiary hearing when [Appellant] asserted that he instructed [t]rial [c]ounsel to file a direct appeal to the Superior Court, [t]rial [c]ounsel failed to file a timely direct appeal to the Superior Court, and [Appellant] asserts that his failure to file a timely PCRA Petition was due to [t]rial [c]ounsel's failure to inform [Appellant] of his Post-Conviction Relief Act rights?

Brief for Appellant at 4.

Our review of an order denying PCRA relief is well-established:

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. **Commonwealth v. Hanible**, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. **Id.** "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Treiber**, ___ Pa. ____, 121 A.3d 435, 444 (2015) (citing **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 603 (2013).

***Commonwealth v. Williams***, 636 Pa. 105, _____, 141 A.3d 440, 452 (2016).

Before we address the merits of Appellant's issue, we must first determine whether the instant PCRA petition was timely filed, for it is well-settled that if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition. ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa.Super. 2000).

A PCRA petition shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period

- 4 -

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The petitioner bears the burden to allege and prove one of the enumerated exceptions to the one-year time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (finding that to invoke a statutory exception to the PCRA time-bar, petitioner must properly plead and prove all required elements of the exception). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted) ***See also*** 42 Pa.C.S.A. § 9545(b)(2).

Herein, the trial court denied Appellant's motion to modify sentence on December 3, 2007; therefore, his judgment of sentence became final on January 2, 2008. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence final at conclusion of direct review or at expiration of time for seeking that review); thus, Appellant had until January 2, 2009, to file a timely PCRA petition; however, Appellant did not file the instant petition until over seven years later, on July 18, 2016; therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa–Taylor***, 562 Pa. 70, 753 A.2d 780 (2000).

In his PCRA petition, Appellant asserts only a generic claim of ineffective assistance of counsel and neither alleges nor proves any of the three cognizable exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Specifically, Appellant maintains that the PCRA court should have granted him an evidentiary hearing to explore his averment that he had informed trial counsel to file a direct appeal. He further asserts his claims of ineffective assistance of counsel were unknown to him in 2008 because trial counsel failed to inform him of his PCRA rights. Brief of Appellant at 10.

It is well-established that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. **See Commonwealth v. Wharton**, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005) *(citing **Commonwealth v. Pursell**,* 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); ***see also Commonwealth v. Gamboa-Taylor**,* 562 Pa. 70, 80, 753 A.2d 780, 785-86 (2000) (finding the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); **Commonwealth v. Lark***,* 560 Pa. 487, 496, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims)).

To the extent Appellant attempts to assert the applicability of the newly discovered facts exception to the PCRA time-bar, 42 Pa.C.S.A. § 9545(b)(1)(ii), *i.e.*, that trial counsel's ineffectiveness prevented him from filing a timely PCRA petition, Appellant has failed to establish the applicability of that exception where he has not shown that he acted with due diligence. We observe that:

> [w]ith respect to subsection 9545(b)(ii), we have previously described this exception, which permits an untimely claim where the facts upon which the claim is predicated were unknown to the [appellant] and could not have been ascertained by the exercise of due diligence, as an exception for after-discovered evidence. Thus, a claim that counsel was ineffective will not save an untimely PCRA petition. Finally, the exceptions to the PCRA's one-year time limit require the petitioner to file his PCRA petition within sixty days of the date the claim could have first been brought. Thus, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame of subsection 9545(b)(1)(ii).

> \*\*\*

> Appellant asserts that his petition meets an exception to the timeliness requirements under subsection 9545(b)(1)(ii), because he only recently discovered that his trial counsel had not filed his direct appeal. Trial counsel's failure to file a direct appeal was discoverable during Appellant's one-year window to file a timely PCRA petition. In fact, the expiration of Appellant's time to file a direct appeal initiated the PCRA's one-year clock. Thus, Appellant had a full year to learn if a direct appeal had been filed on his behalf. A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests. The mere fact that Appellant alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's petition for relief.

***Commonwealth v. Carr***, 768 A.2d 1164, 1167-68 (Pa.Super. 2001) (citations, quotation marks, and footnote omitted).

In light of the foregoing, Appellant's claim fails, and the PCRA court properly dismissed his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2017